Turley, J.
delivered the opinion of the court.
This is an action of ejectment brought by Armstrong against Shoalwater to recover possession of certain lots in the town of Knoxville.
The plaintiff in deraigning his title, introduced in evidence a deed of conveyance for the premises from D. G. Starks, constable for the corporation of the town of Knoxville, to the reading of which the defendant objected upon the ground that it conveyed no title to the plaintiff, because the constable had no legal authority to execute the same. For the purpose of shewing such authority, the plaintiff then offered in evidence the copy of a record of proceedings of the Circuit Court of Knox county, at the February term, 1844, from which it appears that the premises had been reported to the court by the town constable for taxes due the corporation, and unpaid by the owners William Howell’s heirs; whereupon, judgment was entered against the same in the name of the State of Tennessee, for the amount of taxes, costs, and charges due thereon; upon which judgment of condemnation, an order of sale was issued under and by virtue of which, the constable sold and conveyed the premises to the plaintiff. To the reading of this record, the defendant also objected, upon the ground that the whole proceeding before the Circuit Court, both *219 in the report of the constable and the judgment of condemnation consequent thereon, is irregular and void.
Both these objections were overruled by the court, and the deed and record admitted in evidence; whereupon there was a verdict and judgment for the plaintiff, from which the defendant appeals to this court.
The case turns upon the question of the validity, or invalidity of the tax sale made únder the judgment of the Circuit Court. It is not denied, but on the contrary, is admitted, that this tax sale is void, under the decisions of this State heretofore made in relation to such sales, unless the defects existing in the report of the constable and the judgment of the court, are cured by the act of 1844, chapter 92.
This statute is entitled “ An act to amend the revenue laws of the State in relation to tax salesand provides in section first, “that, in all cases of sales of land hereafter made for public taxes, under the provisions of the laws now in force, it shall be sufficient to make such sale valid, and communicate good title to the purchaser, that the land so sold lies in the county in which it has been reported for non-payment of taxes thereon ; that it has been duly reported ; that an order of sale has been awarded, and that the sale of the land was duly advertised; to establish which facts, the sheriff’s deeds reciting their existence shall be prima facie evidence, and all judgments or orders of sale shall be conclusive, unless the person wishing to shew the irregularity of the same, can prove that the taxes were duly paid before such judgment or order of sale was rendered.’’
The judicial history of the State shews the reason for the enacting of this statute. The proceedings in tax sales had been watched with such jealousy by the courts, and *220 such strictness required in complying with all the formalities of the statutes prescribing the mode in which lands should be subjected to sale for the payment of taxes, whether they were of form or of substance ; that it had been found, after repeated efforts for many years, impossible to make a tax sale which could stand the rigid scrutiny of the courts; in consequence whereof, it was found impracticable to collect a revenue from the lands of non-residents, who had, in the county in which these lands were situate, no personal property to be destrained for the taxes, and it was to remedy this inconvenience and increase the public revenue that this statute was passed. No construction of this statute has as yet been given in any case involving a sale for state or county tax. But it is not controverted that it is of such a character as would cure the defects existing in the tax sale now under consideration,' if it had been made for the purpose of enforcing the payment of state or county tax; but the difficulty is in applying it to the case of a sale for the collection of a corporation tax, which is the present case.
By an act of 1842, ch. 115, it is provided “that the town constable or tax collector of the town of Knoxville shall have the same pow'er and authority in the collection of taxes that are now or may hereafter become due to the said corporation, that the sheriffs and collectors of the state and county taxes now have by the existing laws of the State to collect the public revenue thereof, and if the said corporation officer shall levy on any property, either real or personal, the same shall be sold subject to the laws that govern cases where property has been levied on to satisfy state and county taxes.”
Now, what is the fair construction of this statute 1 Why, obviously, that the collector of the corporation, instead *221 of being compelled to proceed by action for the recovery of taxes due the corporation, might, as in the case of a collector of state and county revenue, proceed by distringas when he could find personal property out of which to collect the taxes, or, when he could find none, by a levy on real estate within the limits of the corporation, and, by reporting the same to the Circuit Court of Knox county, have it condemned to be sold for that purpose; but, in doing this, all the forms which had been so specially required by the decisions of the courts to be observed in cases of tax sales made to collect state and county revenue, must of necessity be observed by the collector of the corporation! At the time this statute was passed, all the strictness required by judicial decision in the case of such sales was in full force and operation, and would be so still in the case of sales for state and county tax, but for: the operation of-the statute of 1844. This statute, to a great extent, has repealed the decisions previously made upon the subject of tax sales for the purpose of collecting the public revenue. But does it embrace the corporation of Knoxville?' We think not. As has been observed, when the act of 1842, ch. 115, was passed, extending the power of the collector of the taxes of the corporation of Knoxville in collecting taxes, and making it commensurate with that of a sherifl? or collector of state and county revenue, the great strictness required in such cases was in full force, and it was provided by the statute that, if the collector of the corporation shall levy upon any real or personal property for the collection of the corporation taxes, the same shall be sold subject to the laws that govern cases where property has been levied on to satisfy state and county taxes ; then in order to constitute a good sale of real estate by the collector of the corporation every formality must be conformed to, both in the levy, the *222 report, and tbe judgment, that was required in tbe case of sucb sale for tbe collection of state and county revenue.
The act of 1844, which removes subsequent tax sales, made for state and county purposes, from under tbe restrictions of previous judicial decisions, cannot embrace tbe case of sales made for tbe corporation of Knoxville, unless tbe corporation be embraced within tbe provisions of the statute, which it is not. That statute, as we have seen, provides solely for cases of sales of lands thereafter to be made for public taxes. Corporation taxes are not public but private taxes, and are, therefore, not embraced within the provisions of this statute, but are left, as to the remedy for collection, as it existed previous to the passage of the statute, and in the case of a sale of real estate for effectuating that purpose, subject to all the rigid strictness of construction which existed in the cases of sales for the collection of state and county revenue previous to its passage.
That this distinction between the public revenue and the corporation revenue is correctly taken, is evidenced by the fact that it is drawn in the statute which enlarges the power of the collector of the corporation of Knoxville. It says, “ that he shall have the same power and authority in the collection of taxes due to the corporation that the sheriffs and collectors of the state and counties have by existing law to collect the public revenue thereof.” It is a legitimate argument to say that the legislature, in using the words, “ public taxes,” in the act of 1844, meant the same thing that was meant by the use of the words “public revenue,” as used in the act of 1842, in contradistinction to the corporation revenue, viz, state and county taxes. If so, then most clearly the corporation of Knoxville is not embraced in the provisions of the act of 1844.
*223 But there is another objection which I think fatal to this tax sale, even if its other defects were cured by the statute of 1844, and that is, that Jhe judgment of condemnation is in the name of the State, instead of the corporation. There is, in this case, no indebtedness to the State, but to the corporation of Knoxville. The State has no interest whatever in the payment of these taxes — is not at all aggrieved by their non-payment, and has no right to complain thereof. Upon what principle, then, is it that it shall have condemnation and sale of the land for the corporation debt? The judgment cannot be so given in the absence of statutory provision for it; none such exists. The act of 1842, only gives the collector of the corporation the power and authority of the sheriff or collector of the state and county revenue, to enforce the payment of the corporation taxes, which, as we have seen, is by distringas on personal property, or by a levy and report upon real estate, which, if sold, is subject to the laws that govern cases when property has been levied on to satisfy state and county taxes; and the right of redemption or any other privilege or immunity secured by law to the defendant in the cases of sales made to enforce the payment of the public revenue, is also secured to him in cases of sales for corporation taxes ; but, in order to do this, it is not necessary that the judgment should be in the name of the State, and legal accuracy requires that i-t should be in the name of the corporation to which the money is due.
We are, therefore, upon the whole, of the opinion that the judgment of condemnation of the premises in dispute, made by the Circuit Court of the county of Knox at its February term, 1844, is a void judgment, and that no title has passed to the plaintiff in ejectment by virtue of the sale and purchase under the order of sale issued thereon, *224 and that the circuit judge erred in permitting the record of the proceedings, and the collector’s deed of bargain and sale to the plaintiff to be read in evidence to the jury.
The case will, therefore, be reversed, and remanded for a new trial.